UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**TERESA A. CLOVE,**

      **Plaintiff,**

v.                                                  Case No. 8:05-cv-1507-T-17TBM

**DOLLAR GENERAL STORE,**

      **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

THIS MATTER is before the court on referral by the Honorable Elizabeth A. Kovachevich for a Report and Recommendation on **Defendant, Dollar General Store's, Motion to Dismiss Plaintiff's Complaint Based on Plaintiff's Failure to Comply with this Court's Order Dated June 23, 2006 and Plaintiff's Failure to Cooperate in Discovery in Any Way and Motion for Judgment in Favor of Dollar General** (Doc. 17). Plaintiff has not filed a response. A hearing on this matter was conducted on November 7, 2006. Plaintiff failed to appear after being duly noticed at her last known address.

This is a personal injury action which was removed to this court on August 15, 2005. (Doc. 1). The allegations in the Complaint (Doc. 2) reveal that Plaintiff, who is proceeding *pro se*, brought suit against Defendant for negligence and failure to provide a safe environment after she slipped on a plastic wrapper in one of Defendant's stores and injured her head, back, right knee and right shoulder after a six-foot stack of can goods fell on her. Defendant answered the Complaint on August 15, 2005. (Doc. 3). On November 17, 2005,

Defendant filed a notice regarding the case management report (Doc. 6) and a unilateral Proposed Case Management Report (Doc. 7). The notice reflected defense counsel's unsuccessful efforts to arrange a case management conference with the Plaintiff. On November 18, 2005, the district court entered its Case Management and Scheduling Order (Doc. 8). It provides, in pertinent part,

> The discovery cutoff is August 1, 2006. Dispositive motions are due October 2, 2006. The court will endeavor to rule by January 26, 2007. A pretrial conference may be scheduled on twenty (20) days notice, on or after February 12, 2007. If no dispositive motions are filed, this case will be placed on the next available calendar after October 2, 2006.
>
> Trial may be scheduled on twenty (20) days notice, on or after April 2, 2007.

(Doc. 8). On May 11, 2006, Defendant filed a motion to compel and for sanctions (Doc. 10), alleging that Plaintiff had failed to respond to its First Interrogatories and Request for Production and had failed to appear at deposition. On June 22, 2006, the court held a hearing on Defendant's motion. Plaintiff was noticed for the hearing but did not appear. On June 23, 2006, the court granted Defendant's motion in part and ordered Plaintiff to respond to the outstanding discovery and contact Defendant's counsel to arrange for the rescheduling of her deposition (Doc. 13). The court also granted Defendant's request for the fees and costs, but denied without prejudice its request to dismiss. Id. The Order cautioned Plaintiff that, "should she fail to comply with this Order and otherwise fail to diligently prosecute her claims in accordance with the court's Scheduling Order, the court will have no choice but to dismiss

her suit." (Doc. 13 at 2). Subsequently, the court awarded Defendant $1,350.00 in attorney's fees and $111.20 in connection with its motion to compel. (Doc. 15).

On August 18, 2006, after the close of discovery, Defendant filed its instant motion to dismiss (Doc. 17). By its motion, Defendant seeks an Order dismissing Plaintiff's Complaint with prejudice for failure to prosecute and it requests that Judgment be entered in its favor in the amount of $1,711.20, the amount of attorney's fees and costs previously awarded, as well as the filing fee. As grounds, Defendant states that Plaintiff has failed to comply with the court's Order dated June 23, 2006; cooperate in discovery in any way; and respond to Defendant's counsel in any way since this matter was removed from state court on August 12, 2005. Defendant states further that the discovery period is now closed, it has not received any discovery responses from Plaintiff, and it has been unable to prepare this case for trial.

On September 8, 2006, the court entered its Order to Show Cause (Doc. 19), which directed Plaintiff to appear on November 7, 2006, at 10:00 a.m., to show cause why her case should not be dismissed for failure to prosecute and why she should not be sanctioned otherwise for failing to participate in discovery. A copy of the Order was mailed to Plaintiff on September 11, 2006.[1] See Docket entry dated September 11, 1006. The Order was not returned. As noted, Plaintiff failed to appear.

Pursuant to Rule 41(b), a district court may dismiss a complaint for failure to prosecute or failure to comply with a court order or the federal rules. Fed. R. Civ. P. 41(b);

---

[1] Plaintiff's address of record, as reflected on her Complaint, is 2236 Lockwood Meadows Dr., Sarasota, FL 34234.

Gratton v. Great Am. Commc'ns, 178 F.3d 1373, 1374 (11th Cir. 1999). Dismissal under Rule 41(b) is appropriate where there is a clear record of delay or willful contempt and an implicit or explicit finding that lesser sanctions would not suffice. Gratton, 178 F.3d at 1374 (quoting Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985)). A district court also has broad authority under Rule 37 to control discovery, including dismissal as the most severe sanction. Fed. R. Civ. P. 37; see Gratton, 178 F.3d at 1374. Further, it is within a court's inherent authority to involuntarily dismiss a claim for want of prosecution. See Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962). Local Rule 3.10 also provides that a court may dismiss a complaint for want of prosecution. See M.D. Fla. R. 3.10.

      Here, Plaintiff has evidenced a complete lack of interest in participating in the prosecution of her claim. Not only has she failed to participate in a case management conference, she has ignored all discovery requests propounded by the Defendant thereafter, including an appearance for deposition, and she failed to appeared for hearings duly noticed by the court. Even when ordered by the court to comply with the outstanding discovery, Plaintiff has chosen to ignore the Order. She was sanctioned by the court for that conduct and duly warned that her failure to participate in the proceedings would result in a dismissal of the suit. Again thereafter, she failed to appear for hearing. At no point in the litigation has Plaintiff made any showing of good cause to justify her failure to prosecute her claim. Further, the court can have no confidence that another order of the court directing the Plaintiff's participation will necessarily result in the advancement of this cause. Thus, Plaintiff's case is one of the rare cases calling for the ultimate sanction of dismissal for failure

to prosecute. To recommend otherwise would unnecessarily extend the financial burden on the Defendant and inappropriately approve of Plaintiff's conduct.

Accordingly, I RECOMMEND that **Defendant, Dollar General Store's, Motion to Dismiss Plaintiff's Complaint Based on Plaintiff's Failure to Comply with this Court's Order Dated June 23, 2006 and Plaintiff's Failure to Cooperate in Discovery in Any Way and Motion for Judgment in Favor of Dollar General** (Doc. 17) be GRANTED and the case dismissed with prejudice. It is further recommended that Defendant be awarded costs in the matter totaling $1,711.20, which sum should be reduced to judgment in favor of the Defendant.

    Respectfully submitted this
    7th day of November 2006.

    _____
    THOMAS B. McCOUN III
    UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; see also Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.

Copies furnished to:
The Honorable Elizabeth A. Kovachevich, United States District Judge
Counsel of record
Pro se Plaintiff, Teresa A. Clove, 2236 Lockwood Meadows Dr., Sarasota, FL 34234